

FILED
SUPERIOR COURT
OF GUAM

2022 AUG 10 AM 10: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIANA STONES CORPORATION, LTD., | CIVIL CASE NO. CV1307-19 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| FADIAN DEVELOPMENT, INC. AND DOES 1-10, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Plaintiff Mariana Stones Corporation, Ltd.'s ("MSC") Motion for Authority to Exceed Number of Interrogatories, filed May 4, 2022. Plaintiff is represented by Attorneys Jacques G. Bronze and Edward C. Han, and Defendant Fadian Development, Inc. ("Fadian") is represented by Attorney Louie J. Yanza. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter stems from an Agreement entered into by MSC and Fadian on July 31, 2015 for the clearing, levelling, and grading of Tract 157NEW.[1] (Am. Compl. ¶¶ 6-8, Oct. 20, 2020).

---

[1] The Amended Complaint previously included counts against B&K Development, LLC, which were dismissed without prejudice on August 4, 2021. *See* Stipulation for Dismissal Without Prejudice, Aug. 4, 2021.

*Mariana Stones Corp., Ltd. vs. Fadian Development, Inc.*
Case No. CV1307-19
Decision and Order

Page 1 of 5

On November 25, 2022, Fadian moved to dismiss the Amended Complaint, which was denied by the Court. *See* Dec. & Order, May 20, 2021. On June 10, 2021, Fadian filed its Answer to the Amended Complaint.

On January 24, 2022, Attorney Bronze replaced Attorney Anthony C. Perez as counsel for Fadian. *See* Substitution of Counsel, Jan. 24, 2022.

On May 4, 2022, MSC filed a Motion for Authority to Exceed Number of Interrogatories ("Motion to Exceed"). On June 1, 2022, Fadian filed its Opposition. On June 14, 2022, MSC filed its Reply.

On June 22, 2022, the parties filed a Stipulation for Submission on the Briefs, and on June 24, 2022, the Court placed the matter under advisement without oral argument. *See* CVR 7.1 Form 3, Jun. 24, 2022.

## DISCUSSION

MSC moves the Court to increase the number of interrogatories allowed in this matter. *See generally*, Mot. Exceed, May 4, 2022. According to MSC, "Defendant's response to Plaintiff's First Set of Interrogatories stopped on Interrogatory No. 17 subpart 'c'" and asserts for the remaining interrogatories that "Pursuant to GRCP 33, without leave of court or written stipulation, any party may serve any other party written interrogatories, not exceeding 50 in number including all discrete subparts. Guam GRCP. Subpart 'c' of interrogatory 17 exceeds the 50 interrogatories permitted by the Guam Rules of Civil Procedure." (Mot. Exceed at 3). *See also* Decl. of Edward Han, Ex. 2, May 4, 2022. Fadian opposes, arguing that MSCS failed to comply with GRCP Rule 37(a)(2)(A) and Local Rule CVR 37.1(a) and (b). *See generally*, Opp'n, Jun. 1, 2022.

Under GRCP Rule 33, "any party may serve upon any other party written interrogatories, *not exceeding 50* in number, including all discrete subparts, to be answered by the party served . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Guam R. Civ. Pro. 33(a) (emphasis added). Local Rule CVR 33.1(a) also provides in relevant part that "[i]nterrogatories or requests for admission shall not exceed fifty (50) in number, counting any subparts or subquestions as

*Mariana Stones Corp., Ltd. vs. Fadian Development, Inc.*
Case No. CV1307-19
Decision and Order

Page 2 of 5

individual questions. Subparts or subquestions of any interrogatory shall relate directly to the subject matter of the interrogatory." Local Rule CVR 33.1(a). The party upon whom interrogatories are served is required to serve answers and objections within 30 days after the service of the interrogatories, or at a different time agreed upon in writing by the parties or as directed by the court. Guam R. Civ. Pro. 33(b)(3). Rule 33 requires each interrogatory to "be answered separately and fully in writing under oath" and for any objections to be "stated with specificity." Guam. R. Civ. Pro. 33(b)(4). "The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory." Guam R. Civ. P. 33(b)(5). Rule 37 provides in relevant part that:

> if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit an inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Guam R. Civ. P. 37(a)(2)(B).

As an initial matter, the Court finds that MSC is not moving to compel Fadian to answer the interrogatories based on a failure to properly respond. Rather, MSC is moving the Court to allow it to exceed the number of interrogatories under Rule 33. Therefore, the Court finds that Rule 37 does not apply at this time, and will not deny the Motion to Exceed based on a failure to include a certification that counsel made a good faith effort to confer or attempt to confer with opposing counsel in an effort to secure the information without court action.

MSC both appears to be requesting that it be allowed to exceed the number of 50 interrogatories and requesting that the Court find that the subsections of each interrogatory be construed as subsumed in the primary question and therefore not be counted as separate interrogatories (thus totaling thirty five interrogatories, well below the limit of 50 set forth in Rule 33). *Compare* Mot. Exceed, May 4, 2022 *with* Reply, Jun. 1, 2022. MSC also sets forth that Fadian cannot object to any additional interrogatories because it failed to answer the

*Mariana Stones Corp., Ltd. vs. Fadian Development, Inc.*
Case No. CV1307-19
Decision and Order

Page 3 of 5

interrogatories within thirty (30) days of its service to begin with. On September 9, 2022, MSC served on Fadian its First Set of Interrogatories. (Decl. of Edward C. Han, Ex. 1, May 4, 2022). Fadian's response to MSC's First Set of Interrogatories was served on MSC on March 25, 2022. (Decl. of Edward C. Han, Ex. 2, May 4, 2022). The interrogatories were therefore not timely responded to within thirty (30) days. "Generally, the failure to make a timely and specific objection in written discovery responses waives the objection." *See, e.g., Safeco Insurance Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (holding that "interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause."). As Fadian's objection to the Motion to Exceed primarily resolves around an objection to MSC following Rule 37, the Court has not been presented with any information showing good cause as to the delay in responding to the interrogatories initially. The Court is cognizant, however, of the fact that counsel for Fadian has changed over the past year. Additionally, as noted earlier, MSC is not moving to compel Fadian to answer the interrogatories based on a failure to respond or answer. Therefore, the Court will not grant the motion solely on any waiver of objection.

Under Rule 26(b)(2), the Court may limit the number of interrogatories if "the discovery sought is unreasonably cumulative or duplicative" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Guam R. Civ. P. 26(b)(2)(i)-(iii). In this case, MSC's First Set of Interrogatories contains 35 interrogatories, a majority of which also contain subsections. (Decl. of Edward C. Han, Ex. 1). Interrogatories numbered one through thirty four each reference one of the affirmative defenses asserted in Fadian's Answer, starting with the second affirmative defense. *Id.* The subsections inquire as to (1) facts; (2) names; and (3) documents as to each defense. *Id.* The thirty-fifth interrogatory requests information about any expert witness intended to be called at trial. *Id.* "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 613 (N.D.Cal.2006) (citation omitted). The Court finds that these subparts asking for facts, documents, and

*Mariana Stones Corp., Ltd. vs. Fadian Development, Inc.*
Case No. CV1307-19
Decision and Order

Page 4 of 5

witnesses relating to an affirmative defense should be construed as subsumed in the primary question and therefore grants MSC's Motion to Exceed. Fadian may have thirty (30) days to respond to the remaining interrogatories.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS MSC's Motion for Authority to Exceed Number of Interrogatories.

**IT IS SO ORDERED** this 10th day of August, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
Bronze, jha
Yanza
Date:_____ Time:_____ 8/10/22

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

*Mariana Stones Corp., Ltd. vs. Fadian Development, Inc.*
Case No. CV1307-19
Decision and Order